EDWARD  B.  NEAL, petitioner, *vs.* KNOX  &  LINCOLN  RAILROAD COMPANY.

*Verdict on petition for increase of damages, must follow the petition.*

Where E. N. petitioned for an increase of the 'damages awarded by the county commissioners for his land taken by the K. & L. Railroad Company, and the jury before whom the petition was heard, returned a verdict purporting to be "on the petition of E. N., administrator of the estate of B. N., deceased," and to award damages for the real estate of the deceased, taken by said corporation, such verdict was set aside.

Unless the real estate, which was of an intestate, be taken for public uses prior to his decease, his administrator has no right to petition for increase of damages; since, in such case, it would be the land of the intestate's heirs that was taken.

ON  EXCEPTIONS.

This was a petition for an increase of damages in the form and words following:

" To the court of county commissioners for the county of Lincoln :

Your petitioner respectfully represents, that he is aggrieved by your estimation of damages for his real estate taken by the Knox & Lincoln Railroad Company, as reported at your September session, 1870.   He therefore petitions for increase of damages, and that, if the matter be not submitted to a committee, a jury may be summoned and all other due proceedings had.

Dated OCT. 22d, 1870.                    EDW. B. NEAL."

The verdict of the jury, so far as relates to the person to whom damages were awarded, and the ownership of the land taken, was as follows: "At a view and hearing by a jury on petition of Edward B. Neal, administrator of the estate of Barker Neal, deceased, for increase of damages by location and construction of the Knox & Lincoln railroad over and upon the real estate, which was of said deceased," etc. The defendant moved to set aside this verdict, among other reasons because the petitioner had no sufficient title to the land taken, no legal right to recover damage for the taking, and was not aggrieved by the estimate of the county commissioners; because the verdict did not conform to the petition in the description of the title to said premises, and that the verdict did not show that the premises were the real estate of the petitioner. And they further moved that the petition may be dismissed, " because the petitioner has no authority to maintain the same as administrator of the estate of Barker Neal, and has no sufficient title to authorize him to maintain said petition. These motions the justice presiding overruled, and it was to this ruling that the defendants alleged exceptions.

*Gould & Moore,* for respondent.

Petitioner had no right to recover in his official capacity; only the heirs could petition, even if the estate were insolvent, which is not alleged. *Boynton* v. *P. & S. R. R.,* 4 Cush. 467; *Lobdell* v. *Hayes,* 12 Gray, 238.

Therefore, and also because it does not follow the statement of title in the original petition, the petition for increase of damages should be dismissed.

*Samuel E. Smith,* for petitioner.

VIRGIN, J. I do not see how the verdict can be sustained.

The original petition is by an administrator of Barker Neal's estate, for damages to " his land," *i. e.* petitioner's land.

Being aggrieved, as he says, by the commissioners' " estimation of damages for his real estate taken," etc., " he petitions for in-

crease." This latter petition contains no hint that he is or acts otherwise than as an individual.

The verdict refers to the "petition of the administrator, etc., for increase of damages," etc., and "awards damages to the petitioner for land so taken."

If the land was taken during the lifetime of Barker Neal, his administrator would be entitled to damages; but the heirs could not petition for increase, for they would have no interest, having been divested by the taking. They might have an interest subject to respondents' rights. If taken after Barker Neal's decease, it was the heirs' land, and the administrator had nothing to do with it or the damages. *Moore* v. *City of Boston*, 8 Cush. bottom of p. 277 and top of p. 278.            *Motion sustained.*

*Verdict set aside.*

APPLETON, C. J.; CUTTING, DICKERSON, DANFORTH, and PETERS, JJ., concurred.